IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PLAZAVIEW, LLC ) <br> ) <br> Defendant. ) | Case No. 4:15-cv-00195-SRB |

**ORDER**

Before the Court are Defendant Plazaview, LLC's Motion to Dismiss and Plaintiff Travelers' Motion to Consolidate for Discovery. For the reasons stated below, Defendant's motion to dismiss (Doc. #24) is GRANTED IN PART, and Plaintiff's motion to consolidate (Doc. #38) is DENIED as moot. By its motion Defendant Plazaview asks the Court to dismiss this action on abstention grounds due to a pending, parallel state-court proceeding. While the Court finds abstention is appropriate, a stay is the preferred resolution rather than dismissal. By its motion Plaintiff Travelers asks the Court to consolidate this case with *Plazaview, LLC v. The Travelers Indem. Co., et al.*, 15-cv-00800, for discovery purposes. On January 6, 2015, the Court granted a motion to remand in 15-cv-00800, and Plaintiff Travelers' motion to consolidate is denied as moot.

**I.  Background**

This case arises out of the JJ's Restaurant explosion and fire. According to the Complaint, Defendant Plazaview owns a property adjacent to JJ's Restaurant, and the property sustained damage as a result of the explosion. Plaintiff Travelers insured the property "against physical loss and damage from covered causes of loss, including fire and explosion." (Doc. #1,

¶6). The parties now dispute the appropriate amount of coverage, as well as other issues stemming from the insurance agreement. On March 18, 2015, Plaintiff Travelers filed this "action . . . for declaratory judgment under Federal Rule of Civil Procedure 57 to determine rights and obligations of the parties under [the] property insurance Policy issued to the Defendant, Plazaview, LLC[.]" (Doc. #1, ¶1). The present Complaint contains three counts: Count I (Declaratory Judgment – Coverage); Count II (Declaratory Judgment – Scope of Appraisal/Stay of Appraisal); and Count III (Declaratory Judgment – Appointment of Umpire). At this time, discovery is ongoing and has not yet closed. The deadline for filing dispositive motions has not yet passed, and the trial date is more than six months away – August 29, 2016.[1]

On September 15, 2015, Plazaview filed a Petition against Travelers and Travelers' employee, Shawn O'Roark, in the Circuit Court of Jackson County, Missouri. On October 2, 2015, Plazaview filed its First Amended Petition, which includes seven counts: Count I (Breach of Contract); Count II (Vexatious Refusal to Pay in Violation of Mo. Rev. Stat. § 375.420); Count III (Violation of Mo. Rev. Stat. § 379.140); Count IV (Negligence); Count V (Fraudulent Misrepresentation); Count VI (Negligent Misrepresentation); and Count VII (Declaratory Judgment). On October 14, 2015, Travelers removed the state-court case to the Western District of Missouri, and the case was assigned to Judge Beth Phillips as 15-cv-00800. On November 24, 2015, the case was reassigned to the undersigned. In recognition that Shawn O'Roark was a non-diverse party, Travelers argued in response to Plazaview's motion to remand that removal was proper because O'Roark was fraudulently joined. This Court disagreed, and the case was remanded to state court on January 6, 2016.

---

[1] The present schedule was entered by Judge Ortrie D. Smith on July 17, 2015, prior to the case being transferred to the undersigned on November 17, 2015. The Court is uncertain whether the present schedule could be maintained as a result of the transfer.

Having decided the remand motion presented in 15-cv-00800, the Court now addresses Defendant Plazaview's motion in this case, which asks the Court to exercise its discretion and dismiss Plaintiff Travelers' federal declaratory judgment action in favor of the parallel state-court proceeding. Plaintiff Travelers counters that the two cases are not parallel. As a result, Travelers argues that the Court's discretion to abstain in this matter is narrower than Plazaview suggests, and the most appropriate forum for resolution of Travelers' declaratory judgment claims is in federal court.

**II.  Legal Standard**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The statute states that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). As stated by the Eighth Circuit:

> The full scope of a district court's discretion to grant a stay or abstain from exercising jurisdiction under the Declaratory Judgment Act differs depending upon whether "parallel" state court action involving questions of state law is pending. [*Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005).] Where such an action is pending, a district court enjoys broad discretion. *Id.* at 997. This broad discretion is to be guided by considerations of judicial economy, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942), by "considerations of practicality and wise judicial administration," *Wilton*, 515 U.S. at 288, 115 S. Ct. 2137, and with attention to avoiding "[g]ratuitous interference" with state proceedings, *Brillhart*, 316 U.S. at 495, 62 S. Ct. 1173.
>
> Where no such parallel state action is pending, discretion to abstain or grant a stay still exists, but that discretion is less broad and is to be exercised according to a six factor test [adopted in *Scottsdale*.]

*Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967-68 (8th Cir. 2013).

3

In deciding whether to abstain, the threshold issue for the district court is whether the federal declaratory judgment action and the pending state court action are, in fact, parallel. *Scottsdale Ins.*, 426 F.3d at 996. "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Id.* at 997 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers*, 946 F.2d 1072, 1073 (4th Cir. 1991)). "[W]here every party to [the federal] suit is also a party to the state court suit, the parties are substantially the same." *Maritz v. Starek,* No. 4:05-cv-2093-JCH, 2006 WL 1026925, at *6 (E.D. Mo. April 18, 2006). Similarly, the requirement that the suits involve "substantially the same issues" does not require that the claims be identical for the suits to be parallel. *See Travelers Home and Marine Ins. Co. v. White*, No. 4:12-cv-818-TIA, 2012 WL 5258892, at *1 (E.D. Mo. Oct. 23, 2012) (staying federal declaratory judgment action as parallel to subsequently-filed, state-court action for equitable garnishment where both cases involved interpretation of insurance policy). If a district court finds the cases are parallel and that the issues in the federal action can be better settled by the state court, the district court must abstain "because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874-75 (8th Cir. 2000) (citing *Brillhart*, 316 U.S. at 495).

**III.     Discussion**

Initially, the Court finds that this case and the state-court case are parallel. Plaintiff Travelers' only argument that the cases do not involve the same parties is that the state-court case includes Shawn O'Roark, a Travelers' claims adjuster, as a defendant. As stated in *Maritz*,

4

however, where, as here, the parties to the federal suit are also parties to the state-court suit, the parties are substantially the same.  2006 WL 1026925 at *6.

The issues are also substantially the same.  Plaintiff Travelers admits that Count VII in the state-court action "overlaps with the relief sought by Travelers in its Complaint for Declaratory Judgment," but Travelers argues that the cases are not parallel because the state-court action involves additional claims.  (Doc. #26, p. 4).  All the claims, however, stem from the parties' insurance agreement, an agreement governed by Missouri and not federal law.  As a result, the Court finds the issues are substantially the same.

While admitting that the timing of the filings is "not dispositive," Travelers argues that the fact the state-court case was filed approximately six months after this case "is significant." (Doc. #26, p. 9).  The Court finds that the timing of the filings does not weigh in favor of allowing this case to proceed while a parallel state-court action is pending.  While the parties have engaged in written discovery, no depositions have been taken.  Discovery has not closed. Dispositive motions have not been filed, and the trial date is many months away.  Further, the fact that Plaintiff Travelers moved to consolidate this case with the removed, state-court proceeding, 15-cv-00800, prior to that case being remanded is telling.  Plaintiff Travelers' motion rests on the assertion that "both cases involve common questions of fact and overlapping issues, arguments, and parties" such that whatever discovery has been conducted here will not be wasted.  (Doc. #38, pp. 1-2).

The Court finds that the issues raised in this federal declaratory judgment action are best left for resolution by the state court in connection with the pending, parallel state-court proceeding.  As the proceedings are parallel, allowing the parties to proceed in both cases would run the risk of inconsistent rulings, would be uneconomical and vexatious for the parties, and

5

would waste judicial resources.  The issues in both cases stem from the parties' insurance agreement, the interpretation of which is a matter of Missouri law.  All of the issues pending between the parties can be satisfactorily adjudicated through the state-court action, which the Court believes will effectively and efficiently resolve the request for declaratory relief.  Lastly, the Court finds that all necessary parties have been joined and served in the state court action, and this dispute can be resolved best in state court.

As an alternative to dismissal, Defendant Plazaview requests that the Court stay this proceeding pending the outcome of the state-court proceeding.  "[W]hen the basis for declining to proceed is the pendency of a parallel state proceeding, a stay is preferred because it will allow the federal action to continue if the state case fails to resolve the issues as anticipated." *Mid-Century Ins. Co. v. Bagnell*, No. 13-cv-1104-W-ODS, 2014 WL 1292483, *2 (W.D. Mo. March 31, 2014) (citing *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797-98 (8th Cir. 2008)). While the Court finds it should abstain from deciding this federal declaratory judgment action due to the parallel, pending state-court action, a stay is the preferred resolution.

### IV.   Conclusion

Accordingly, it is hereby ORDERED:

1. Plaintiff Travelers' Motion to Consolidate for Discovery (Doc. #38) is DENIED as moot in that matter 15-cv-00800 has been remanded to state court.
2. Defendant Plazaview, LLC's Motion to Dismiss (Doc. #24) is GRANTED IN PART. The Court exercises its discretion to abstain from deciding this federal declaratory judgment action, but the Court finds that a stay is the preferred resolution.

3. The Scheduling Order is vacated, and Plaintiff Travelers shall file a Status Report on or before March 7, 2016, and every sixty days thereafter.  If Defendant Plazaview disagrees with Plaintiff's status report, Defendant will have ten (10) days to file a response.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough  
STEPHEN R. BOUGH  
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2016